IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-43-1-F
No. 7:12-CV-106-F

| | | |
|---|---|---|
| GARY LEE TIDD, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court for initial consideration of Gary Lee Tidd's ("Tidd") "Motion to Vacate, Set Aside or Correct his Sentence" pursuant to 28 U.S.C. § 2255 [DE-245], filed April 23, 2012. Rule 4, RULES GOVERNING § 2255 PROCEEDINGS, provides:

> **(b) Initial consideration by judge.** . . . If it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

On July 20, 2011, the undersigned sentenced Tidd to a term of 219 months imprisonment plus a fine, restitution and term of supervised release, for his conviction upon a plea of guilty to one count of conspiracy to manufacture, distribute, and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. In light of the Government's sealed motion [DE-226], Tidd withdrew his objections to the Presentence Report. The sentence imposed represented a downward departure from Tidd's advisory USSG range of 292 to 365 months. Tidd did not appeal his sentence, and his conviction became final for § 2255 purposes on or about August 3, 2011. He filed the instant motion in a timely manner.

Tidd seeks relief on grounds that his trial counsel rendered ineffective assistance, first by failing to object at sentencing to application of two "recency points" pursuant to USSG §

"4A1.1(e)" in the calculation of Tidd's advisory USSG range, and second by failing to file a notice of appeal as Tidd requested in order to argue the "recency points" issue on direct appeal. Tidd contends that USSG Amendment 742 eliminated the two-point recency increase, effective November 1, 2010.

While Tidd is correct that portions of USSG § 4A1.1 were amended or deleted. However, the subsection under which he received the two recency points -- subsection (d) -- was not. *See* Presentence Report at ¶ 33 ("At the time the instant offense was committed, which includes all relevant conduct, the defendant was on probation for the sentence imposed on January 20, 2005. Pursuant to 4A1.1(d), 2 points are added"). Even after November 1, 2010, in calculating an advisory USSG sentence, the following instruction applies concerning the criminal history category determined under the Sentencing Table in Chapter Five, Part A:

. . . . . .

> (d) Add **2** points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

USSG § 4A1.1(d). Tidd's advisory USSG range was calculated correctly, and he is mistaken that the recency points were added under then-existing subsection (e).

Application of the 2-point recency increase under Chapter Four of the advisory USSG is the only legal basis on which Tidd claims § 2255 relief,[1] but his argument arises from a mis-recollection of the record. For the reasons stated herein, Tidd is mistaken about the basis for the two-point increase. Since he therefore cannot demonstrate either that his lawyer was ineffective or that he suffered prejudice as required by *Strickland v. Washington*, 466 U.S. 668 (1984), he is not entitled to the relief he seeks.

---

[1] Tidd's ineffective assistance of counsel claim is based entirely on his position that the advisory USSG two-point increase in his base offense level was in error.

2

Accordingly, as "it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief," Rule 4, Rules Governing § 2255 Proceedings, this action is DISMISSED. The Clerk of Court is DIRECTED to so notify Mr. Tidd.

As the court can ascertain no ground therefor, a Certificate of Appealability is DENIED.

SO ORDERED.

This, the 26th day of April, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge