IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-00043-F-1
No. 7:12-CV-00106-F

| | |
|---|---|
| GARY LEE TIDD,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)<br>)  O R D E R<br>)<br>)<br>) |

This matter is before the court on the Government's Motion to Dismiss [DE-294] Gary Lee Tidd's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-245]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED in part and DENIED in part, and Tidd is not entitled to relief on his section 2255 motion.

## I. Factual and Procedural Background

On April 8, 2010, Tidd was named in twelve counts of a sixteen-count indictment. *See* Indictment [DE-1]. Tidd was later named in twelve counts of a superseding indictment. *See* Superseding Indictment [DE-75]. In Count One, Tidd was charged with conspiracy to distribute and possession with intent to distribute five-hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. Count Two charged Tidd with possession of equipment, chemicals, products or material which may be used to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6). In Count Three, Tidd was charged with possession of pseudoephedrine with the intent to manufacture a controlled substance and aiding and abetting, in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C.

§ 2. Counts Four and Twelve charged Tidd with possession of equipment, chemicals, products or material which may be used to manufacture methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2. In Counts Five and Thirteen, Tidd was charged with possession with intent to distribute a quantity of a mixture or substance containing methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count Six charged Tidd with possession of pseudoephedrine with the intent to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(1). In Counts Nine, Ten and Eleven, Tidd was charged with possession of pseudoephedrine with the intent to manufacture a controlled substance and aiding and abetting, in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2. Count Fourteen charged Tidd with the establishment of manufacturing operations for a controlled substance and aiding and abetting, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.

The court held Tidd's arraignment on November 8, 2010. At his arraignment, pursuant to a written plea agreement [DE-141], Tidd pled guilty to Count One of the Superseding Indictment.

Tidd's sentencing hearing was held on July 20, 2011. Tidd was sentenced to 219 months' imprisonment. *See* Judgment [DE-238]. Tidd did not appeal his conviction or sentence.

Tidd filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-245] on April 23, 2012. In his section 2255 motion, Tidd argues that his attorney provided ineffective assistance of counsel in the following respects: (1) his attorney failed to file a notice of appeal after specifically being instructed to do so; and (2) his attorney failed to object to the erroneous application of two criminal history "recency" points.

On April 26, 2012, this court entered an order [DE-246] dismissing Tidd's action on the

basis that Tidd failed to establish that he was entitled to relief. Tidd filed a Notice of Appeal [DE-257] on June 11, 2013. On October 23, 2013, in an unpublished opinion [DE-262], the Fourth Circuit Court of Appeals remanded the case to this court to determine whether Tidd filed a timely Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6) motion and, if so, whether the motion should be granted. On May 8, 2014, this court entered an order [DE-272] finding that Tidd filed a timely Rule 4(a)(5) motion, and that it should be allowed. The record, as supplemented, was returned to the Fourth Circuit for further consideration.

In an unpublished opinion [DE-274] entered on August 29, 2014, the Fourth Circuit addressed Tidd's appeal of this court's order dismissing his section 2255 motion. The Fourth Circuit granted a certificate of appealability on the issue of whether Tidd raised a viable claim of ineffective assistance of counsel based on his attorney's alleged failure to comply with Tidd's direction and note an appeal. The Fourth Circuit vacated this court's order dismissing Tidd's section 2255 motion and remanded the case for an evidentiary hearing on whether counsel neglected Tidd's direction to appeal.

On January 29, 2015, the Government filed a Motion to Dismiss [DE-294] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In its Motion to Dismiss, the Government requested an evidentiary hearing on Tidd's first claim, based on the fact that Tidd's allegations that he expressly instructed his attorney to file a notice of appeal might present a genuine issue of material fact. [DE-295] at 9.

Consistent with the Fourth Circuit's remand order and the Government's concession that Tidd's first claim needed an evidentiary hearing, the court held an evidentiary hearing on April 21, 2015, to address Tidd's first claim. Tidd was present and represented by appointed

counsel Geoffrey W. Hosford. The Government was represented by Assistant United States Attorney Seth Morgan Wood.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level'" and the plaintiff must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

### A. Tidd's second claim fails to state a claim for ineffective assistance of counsel.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his

4

defense. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck,* 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland,* 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance prejudiced him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

In his second claim, Tidd alleges that his attorney provided ineffective assistance of counsel by failing to object to the erroneous application of two criminal history "recency" points after Amendment 742 to the United States Sentencing Guidelines. [DE-245] at 5; [DE-245-1] at 2-3. Tidd further alleges that his attorney's failure to object prejudiced him because he was erroneously assessed two additional criminal history points. [DE-245-1] at 4.

At Tidd's July 20, 2011 sentencing hearing, two points were added to his criminal history computation pursuant to U.S.S.G. § 4A1.1(d) because, at the time he committed the offense for which he was being sentenced, Tidd was on probation for the sentence imposed on January 20, 2005. Presentence Report ¶ 33.

Amendment 742 to the Sentencing Guidelines removed the "recency" provision under U.S.S.G. § 4A1.1(e) in 2010. *United States v. Quattlebaum,* No. 3:02-548-CMC, 2013 WL

5

451316, at *3 n. 2 (D.S.C. Feb. 6, 2013). However, Amendment 742 did not alter U.S.S.G. § 4A1.1(d), the provision under which Tidd was assessed two criminal history points. Accordingly, Tidd has failed to demonstrate any meritorious basis for his attorney to object to the court's application of U.S.S.G. § 4A1.1(d). Because Tidd has not shown a meritorious basis for his attorney to object, he has failed to sufficiently allege ineffective assistance of counsel. *See Moore v. United States*, 934 F. Supp 724, 731 (E.D. Va. 1996) (holding that failure to raise a meritless argument can never amount to ineffective assistance). Consequently, Tidd's second claim must fail.

## B. Tidd is not entitled to relief on his first claim.

In his first claim, Tidd alleges that his attorney provided ineffective assistance of counsel by failing to file a timely notice of appeal after he was specifically instructed to do so. [DE-245] at 4; [DE-245-1] at 4. Tidd further alleges that his attorney's failure to file the notice of appeal prejudiced him by exposing him to a lengthier prison sentence. [DE-245-1] at 4.

In the Government's Memorandum filed in support of its Motion to Dismiss, it attached an affidavit from W. James Payne, Tidd's attorney. In his affidavit, Payne states that prior to sentencing, Tidd expressed appreciation for Payne's services and did not indicate a desire to appeal. [DE-295-1] at 1. Payne further states that shortly after sentencing, Tidd left a message at his office expressing a desire to see Payne at the Brunswick County Jail. *Id.* at 1-2. Payne went to visit Tidd shortly thereafter. *Id.* at 2. According to Payne, Tidd initially expressed a desire for Payne to file a notice of appeal regarding his sentence. *Id.* Payne explained to Tidd that he did not have a basis for appeal that met any of the limited exceptions in his plea agreement and that an appeal would be "ill-advised" because he had agreed not to do so. *Id.* Payne also explained

6

that filing an appeal could be construed by the Government to be a breach of his plea agreement. *Id.* Tidd changed his mind and told Payne not to file a notice of appeal. [DE-295-1] at 2. Payne stated that it was his firm understanding that Tidd no longer desired to file a notice of appeal when their meeting at Brunswick County Jail ended. *Id.*

The court concludes that an issue of credibility exists with respect to Tidd's first claim. Because the Government has failed to show that it is entitled to dismissal of Tidd's first claim, the Government's Motion to Dismiss is DENIED as to this claim.

### 1. Applicable Law

It is well established that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). "[A]n attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007).

### 2. Evidentiary Hearing Testimony

#### a. Gary Lee Tidd

Tidd testified that he completed school only up through the eighth grade. According to Tidd, he was a drug addict and didn't care anything about reading and writing. At the time of his arraignment and sentencing, Tidd felt his reading and writing were not that good. Tidd explained that since being incarcerated he has now earned a GED.

Tidd testified that he was indicted in April of 2010. At his first appearance before the court, he requested court appointed counsel, and Payne was appointed to represent him.

7

Tidd testified that he pled guilty pursuant to a plea agreement with the Government. When asked if his plea agreement contained an appellate waiver, Tidd explained that he never read the plea agreement. Tidd testified that his attorney told him the plea agreement was in his best interest, and he just signed it. Tidd stated that he couldn't specifically recall if Payne read the plea waiver provision to him. Tidd explained that he was still coming off of drugs at this time. Tidd testified he couldn't remember if his plea agreement was read into the record at his arraignment.[1]

Tidd testified that in July of 2011, he came before this court for sentencing. Tidd stated that he received a sentence of 219 months' imprisonment. Tidd further stated that his sentence was below his guideline range.

Tidd testified that right after his sentencing hearing, Payne mentioned something about an appeal, but Tidd was in shock at the time. Tidd stated that he told Payne "not right now." Tidd explained that he did not want to discuss an appeal immediately after his sentencing hearing.

Tidd further explained that following his sentencing hearing, he was held at Brunswick County Jail for maybe two weeks before he was shipped to the Bureau of Prisons. At the end of his first week after sentencing, Tidd stated that he had someone help him write a letter to Payne. Tidd stated that he wrote the letter because he wanted Payne to file a notice of appeal about the "two points" issue. Tidd admitted that he was generally satisfied with his sentence immediately after his sentencing hearing, and the only issue he had was with the two points that were given to him at sentencing for being on probation at the time of the offense.

---

[1] Tidd's attorney stipulated that the plea agreement was read out loud in open court during Tidd's Rule 11 hearing.

8

Tidd testified that following his time at Brunswick County Jail, he was sent to MDC Brooklyn, where he stayed about two months. Tidd stated that after getting to MDC Brooklyn he wrote a second letter to Payne.

Tidd testified that a friend in jail gave him some money and he called Payne's office to ask about an appeal and his wife. According to Tidd, someone at Payne's office, possibly Payne's paralegal, answered the call and told him that Payne was no longer his attorney.

Tidd was questioned about the affidavit he filed in support of the motion he filed pursuant to 28 U.S.C. § 2255. The Government noted that Tidd's affidavit states as follows:

> On July 20, 2011, I was sentenced to a term of 219 months in federal prison, supervised release and a $100.00 mandatory assessment fee.
> On the same day I specifically directed trial counsel to file a notice of appeal on my behalf because I believed that the Court had erroneously applied two (2) criminal history points under an abrogated rule of the United States Sentencing Commission.

*See* Gov's Hearing Exhibit 1, at 1-2. Tidd explained that he had a fellow inmate type up the affidavit for him, and he told the inmate that this portion of the affidavit was not correct. The inmate was supposed to correct it. Tidd also explained that there were things in the affidavit that he couldn't read at the time because of his limited ability to read. Tidd admitted he didn't read any of the affidavit before submitting it to the court.

### b. Attorney Wayne James Payne

Payne testified that he is a criminal defense attorney and has practiced criminal law exclusively for most of his career. Payne further testified that he practices criminal law in both state and federal court. Payne explained that he has been licensed to practice law in the state of North Carolina since 1984 and is admitted to practice in the Eastern District of North Carolina.

9

Payne stated that over the last ten years he has represented at least 100 clients at the federal and state level and at least 30 federal clients.

Payne testified that he represented Tidd following Tidd's indictment through July 20, 2011, the date of his sentencing hearing. Payne further testified that he had a good attorney-client relationship with Tidd.

Payne stated that at Tidd's arraignment, Tidd pled guilty to conspiracy to manufacture, distribute, dispense and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Payne explained that Tidd pled guilty pursuant to written plea agreement with the Government. *See* Gov's Hearing Exhibit 2. Payne testified that Tidd's plea agreement contained the standard appellate waiver by which Tidd waived certain appellate rights and rights to post-conviction relief under section 2255. According to Payne, he discussed the appellate waiver in detail with Tidd and would have answered any questions Tidd had. Payne explained that it is his habit and practice to go over every word in a plea agreement with his clients. Payne was confident Tidd understood the waiver of appellate rights contained in his plea agreement.

Payne testified that prior to sentencing, as part of his custom and practice, he would have discussed appellate rights with Tidd and informed Tidd that following sentencing he should contact Payne if he wanted to appeal. According to Payne, Tidd got a sentence of 219 months' imprisonment, a sentence below the guideline range because of a U.S.S.G. § 5K1.1 motion based on Tidd's cooperation. Payne testified that he spoke briefly to Tidd in the holding booth after sentencing to touch base. At that time, Tidd was grateful for Payne's services and was happy with his sentence. Payne testified that he and Tidd wished each other well.

Payne stated that his office received a call from Tidd after sentencing and Tidd wanted to talk about an appeal. The day of the call or the next day, Payne went to Brunswick County Jail to talk with Tidd about his desire to appeal. At that time, Payne discussed the appellate waiver with Tidd and advised Tidd that he did not believe there were valid grounds for an appeal. Payne explained to Tidd that if he persisted in an appeal, he could be deemed in breach of his plea agreement with the Government. Payne advised Tidd that there were no good faith grounds to appeal, but he noted that the decision whether or not to appeal remained with Tidd.

Payne explained that after he and Tidd discussed the advantages and disadvantages of filing an appeal, Tidd changed his mind about appealing and instructed Payne not to file a notice of appeal. Tidd expressed to Payne that he was happy with the outcome before the court and requested that Payne send him some envelopes.

After the meeting at Brunswick County Jail following sentencing, Payne never received notice from Tidd that he had changed his mind about an appeal. Payne testified that if Tidd had asked him to file a notice of appeal, he would have done so.

### 3.    Discussion

The court's determination of Tidd's entitlement to relief under section 2255 depends on a credibility determination. The court having heard both Tidd and Payne's testimony at the April 21, 2015 evidentiary hearing and having had the opportunity to observe both individuals, finds as follows: Tidd's account is not credible, and Payne's account is credible.

The court finds that Tidd generally has a poor recollection of the events underlying his claim. For instance, Tidd simply could not remember if Payne came and met with him at Brunswick County Jail after his sentencing hearing. The court also finds reason to discredit Tidd

11

based on the fact that Tidd's affidavit filed in support of his section 2255 motion contradicts the testimony he provided at the April 21, 2015 evidentiary hearing. As noted, Tidd's affidavit states that on the same day as his sentencing hearing, he advised his attorney to file a notice of appeal on his behalf. Tidd's testimony directly contradicted this. Specifically, Tidd testified that he did not want to discuss an appeal immediately after his sentencing hearing and told Payne "not right now."

The court chooses to credit Payne's clear and unequivocal testimony about the facts relevant to Tidd's first claim. According to Payne, he met with Tidd at Brunswick County Jail the same day or the day after Tidd called his office about an appeal. Payne discussed the advantages and disadvantages of filing an appeal with Tidd, but he advised Tidd that the decision whether or not to appeal remained with him. Tidd informed Payne that he no longer wished to file an appeal. Tidd never contacted Payne to change this instruction.

In sum, the court concludes that Tidd has failed to establish an ineffective assistance of counsel claim against Payne for failure to file a notice of appeal after he unequivocally instructed him to do so. Consequently, Tidd is not entitled to relief on the first claim of his section 2255 motion.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-294] is ALLOWED in part and DENIED in part, and Tidd is not entitled to relief on his section 2255 motion [DE-245]. The court concludes that Tidd has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

12

This the 5th day of May, 2015.

                                          *James C. Fox*
                                          James C. Fox
                                          Senior United States District Judge